

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN DICKERSON, A MINOR BY AND THROUGH HIS PARENTS, DANIEL DICKERSON AND SUZANNE DICKERSON, AS NEXT FRIENDS; DANIEL DICKERSON AND SUZANNE DICKERSON, AS NEXT FRIENDS TO THEIR MINOR SON, RYAN DICKERSON; SUZANNE DICKERSON, INDIVIDUALLY; AND DANIEL DICKERSON, INDIVIDUALLY, Plaintiffs, | § § § § § § § § § § § § | |
| vs. | § § | Civil Action No. SA: 99-CV-0001 JRN |
| UNITED STATES OF AMERICA, Defendant. | § § § | |

**FINDING OF FACT ON REMAND**

Before the Court is the above styled cause of action. The Fifth Circuit remanded this case for further development of what activities of the guardian *ad litem*, if any, were performed as attorney rather than guardian, taxing as costs on the fees attributable to activities as guardian *ad litem*. On July 29, 2002, the Court held an evidentiary hearing. After having considered the issue, the testimonial and documentary evidence introduced by the parties, and the arguments of counsel for the parties, the Court makes the following finding of fact.

The Court finds that Mr. Van Hilley of San Antonio, Texas, was appointed guardian *ad litem*, authorized to engage in the activities that were set out in his application for *ad litem* fees, and his main interest and purpose was to protect the interest of the minor involved in this case. The Court also finds, from a preponderance of the evidence, all of the activities of Van Hilley were in the capacity of guardian for Ryan Dickerson and none of the activities of Mr. Hilley were as an attorney ad litem. Thus, under the general direction of *Gibbs v. Gibbs,* 210 F. 3d 491, 500

(5th Cir. 2000), one-hundred percent of the compensation for the guardian ad litem shall be taxable as cost.

SIGNED and ENTERED this the 21st day of August, 2002.

JAMES R. NOWLIN
CHIEF UNITED STATES DISTRICT JUDGE